## PEOPLE *v.* BARROWS.

1. NEW TRIAL—DELAY.

   Courts do not look with favor on long-delayed motions for new trial in criminal cases in view of the practical problems of prosecuting an offense after the passage of a long period of time as the people's case may be defeated by the death or absence of witnesses.

2. SAME—DISCRETION OF COURT.

   Action by a trial court on delayed motions for a new trial will not be disturbed, generally, unless a clear abuse of discretion is shown.

3. CRIMINAL LAW—NEW TRIAL—PLEA OF GUILTY—EXAMINATION OF ACCUSED.

   Noncompliance with mandatory court rule provision in prosecution for commission of a felony that trial court shall, before imposing sentence, inform the accused of the nature of the accusation and the consequence of his plea of guilty and examine the accused and ascertain that the plea was freely,

REFERENCES FOR POINTS IN HEADNOTES

[1]  39 Am Jur, New Trial § 13 *et seq.*
[2]  3 Am Jur, Appeal and Error § 854.
[3]  39 Am Jur, New Trial § 14.
[4]  39 Am Jur, New Trial § 181 *et seq.*

understandingly, and voluntarily made without undue influence, compulsion, duress, or promise of leniency, required that motion for new trial be granted on charge of assault with intent to commit robbery unarmed, even when made some 10 years after plea of guilty to such charge following reduction from charge of robbery armed (Court Rule No 35A, § 2, as added in 1947).

4. NEW TRIAL—LEAVE TO FILE MOTION—TIME LIMIT.

There is no final time limitation upon the power of the trial court to grant a motion for new trial where leave to file such a motion need first be obtained, although it may be filed as a matter of right only within 20 days (Court Rule No 47 [1945]).

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted October 15, 1959. (Docket No. 82, Calendar No. 48,077.) Decided November 25, 1959.

Ralph Edward Barrows pleaded guilty to a charge of assault with attempt to commit robbery unarmed. Motion for leave to withdraw plea and for new trial. Motion denied. Defendant appeals. Reversed and remanded.

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, *Joseph A. Renihan,* Prosecuting Attorney, for the people.

*Linsey, Shivel, Phelps & Vander Wal (John H. Vander Wal,* of counsel), for defendant.

EDWARDS, J. This is an appeal on leave granted by this Court from denial of a delayed motion for new trial. In 1948, defendant, then 19 years old, was charged in the superior court of Grand Rapids with the offense of robbery armed. On November 1, 1948, the prosecuting attorney moved to dismiss the original charge and filed a charge of assault with intent to commit robbery unarmed. Defendant's counsel thereupon entered a plea of guilty to this charge and

the superior court judge accepted the plea and sentenced defendant to 3 years' probation.

One of the probation conditions was that defendant leave the State of Michigan and go to live in New York with his father. This arrangement proved singularly unsuccessful. Very shortly thereafter defendant was convicted in New York State of the crime of manslaughter and sentenced as a second felony offender to 20 to 40 years. From prison in New York State on April 14, 1958, defendant filed a motion for new trial before the Grand Rapids superior court judge, requesting leave to withdraw the plea of guilty to the former offense. The apparent purpose of the motion was to obviate the effect in lengthened sentence of New York State's multiple offender law.

The complete proceedings on acceptance of plea of guilty on November 1, 1948, were as follows:

"ARRAIGNMENT AND PLEA PROBATION
STATE OF MICHIGAN
SUPERIOR COURT OF GRAND RAPIDS
"Before:  Hon. Thaddeus B. Taylor, Judge
November 1, 1948

---

"People of the State of Michigan
　　　　　　　vs.　　　　　　　　　　　　No. 13991
Ralph Edward Barrows,
　　　　　　　　　Respondent.

---

"*Appearances:*
　*Mr. Roger O. McMahon,* deputy prosecuting attorney;
　*Mr. Russell Van Kouvering,* attorney for respondent.

　"*The Court:*  Mr. Van Kouvering, the information is amended by adding a second count. (Reading second count.)

"*Mr. Van Kouvering:* There is no objection to the amendment.

"*Mr. McMahon:* It is in the form of a second count and upon a plea of guilty the people will move to *nolle prosse* the first count in the information.

"*The Court:* Have you explained that to the young man?

"*Mr. Van Kouvering:* Yes, sir.

"*The Court:* That is the second count, charged with attempt.

"*Mr. Van Kouvering:* We make a plea of guilty. He has been in the county jail for several weeks awaiting disposition of this matter, and I also like to state his father lives in New York and he has made arrangements, with the court's approval, to leave the State, go to New York and start in night school there. His mother is here, if the court wishes to talk with her.

"*The Court:* How old are you, young man?

"*The Respondent:* 19.

"*The Court:* What is your address?

"*The Mother:* 419 Brenner street, Grand Rapids, N. E.

"*The Court:* Placed on probation for a period of 3 years. One of the conditions of probation will be that he is to go from here to the city of New York and he will be under the supervision of his father, whom I understand lives there, is that right?

"*The Mother:* That is correct.

"*The Court:* Another condition being in the event he returns to the State of Michigan or city of Grand Rapids that he will report forthwith and immediately to the probation officer of this court; also if he shall come to the State of Michigan or city of Grand Rapids for any reason or for any period of time he shall report immediately to the probation officer of this court. Otherwise the probation will be transferred to the jurisdiction of the probation officer of the city of New York. That Mr. Gaunt will take care of."

Proceedings on plea of guilty to a criminal charge were governed in 1948, as at present, by Michigan Court Rule No 35A (1945)* which provides:

"In every prosecution wherein the accused is charged with a felony the trial court shall conform to the following practice:   *   *   *

"Sec. 2. Imposing sentence. If the accused pleads guilty, after such plea and before sentence the court shall inform the accused of the nature of the accusation and the consequence of his plea; and regardless of whether he is represented by counsel, the court shall examine the accused, not necessarily under oath, and as a condition of accepting the plea of guilty and imposing sentence shall ascertain that the plea was freely, understandingly and voluntarily made, without undue influence, compulsion or duress, and without promise of leniency. Unless the court determines that the plea of guilty was so made, it shall not be accepted.   *   *   *

"This rule is mandatory but failure to comply therewith shall not be considered jurisdictional."†

Long after the event defendant contends that the trial judge failed to follow the mandate of the rule providing "and regardless of whether he is represented by counsel, the court shall examine the accused, not necessarily under oath, and as a condition of accepting the plea of guilty and imposing sentence shall ascertain that the plea was freely, understandingly and voluntarily made, without undue influence,

* See, also, CL 1948, § 768.35 (Stat Ann 1954 Rev § 28.1058):

"Whenever any person shall plead guilty to an information filed against him in any court, it shall be the duty of the judge of such court, before pronouncing judgment or sentence upon such plea, to become satisfied after such investigation as he may deem necessary for that purpose respecting the nature of the case, and the circumstances of such plea, that said plea was made freely, with full knowledge of the nature of the accusation, and without undue influence. And whenever said judge shall have reason to doubt the truth of such plea of guilty, it shall be his duty to vacate the same, direct a plea of not guilty to be entered and order a trial of the issue thus formed."

† Court Rule No 35A was added June 4, 1947, effective September 1, 1947. 318 Mich xxxix.—REPORTER.

compulsion or duress, and without promise of leniency."

Our courts do not look with favor on long-delayed motions for new trials. We are aware that the practical problems of prosecuting an offense after the passage of a decade may well prove insuperable and that the people's case may be defeated by death or absence of witnesses. Such motions rest within the sound discretion of the court and generally will not be disturbed unless a clear abuse is shown. *People v. Crane*, 323 Mich 646: *People v. Vasquez*, 303 Mich 340.

It is plain, however, that in this case the mandatory provisions of Rule No 35A were not complied with. The direct questioning of a defendant by the trial judge on plea of guilty is required by the rule for the purpose of establishing the crime and the participation therein of the person pleading guilty. This is a precaution against involuntary or induced false pleas of guilty, and against subsequent false claims of innocence.

In the present situation there are facts which establish an obvious inducement for the plea. In addition, the defendant was young and this was his first experience with criminal court. He protested his innocence at every point when given an opportunity to do so. He protests innocence of the crime at this time.

We have little doubt that the entry of the plea by his attorney was made with defendant's agreement. But Michigan's rule on acceptance of pleas requires that the court ascertain more about the plea than that the defendant agrees that it is expedient to so plead. The rule is designed to require reasonable ascertainment of the truth of the plea.

This requirement was present in the statute (CL 1948, § 768.35 [Stat Ann 1954 Rev § 28.1058]) which preceded Rule No 35A. It has frequently been given

effect by this Court. *People* v. *Utter,* 209 Mich 214; *People* v. *Merhige,* 212 Mich 601. What has been added by the rule is the mandatory requirement that the court "examine the accused."

The required examination did not take place. Nor does this record convince us of the truth of the plea.

We believe that the trial judge in the proper exercise of his discretion should have granted the motion to withdraw the plea and granted a new trial.

The people's brief also contends that the superior court has lost jurisdiction to grant the motion considered herein through passage of time. We do not agree.

Under Michigan law there is no final time limitation upon the power of the trial court to grant a motion for new trial. Such motions are heard as a matter of right only when filed within 20 days (see Michigan Court Rule No 47 [1945]). But the granting of long-delayed motions for new trial is within the inherent power of the court where leave to file such a motion is first obtained. *People* v. *Hurwich,* 259 Mich 361; *People* v. *Burnstein,* 261 Mich 534.

The motion under consideration sought such leave. Apparently it was granted since the court considered and decided the matter as a motion for new trial.

Reversed and remanded for entry of an order granting a new trial and leave to withdraw the plea of guilty.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, VOELKER, and KAVANAGH, JJ., concurred.