PEOPLE v. PORCHIA

CRIMINAL LAW—PLEA OF GUILTY—EXAMINATION—INQUIRIES.

> Noncompliance with statute and court rule requiring that the trial court examine a defendant to establish the crime and his participation in it before accepting a plea of guilty constitutes reversible error (GCR 1963, 785.3; MCLA § 768.35).

Appeal from Recorder's Court of Detroit, John P. Scallen, J. Submitted Division 1 January 5, 1970, at Detroit. (Docket No. 7,281.) Decided January 29, 1970.

Carmelo Porchia was convicted, on his plea of guilty, of incest. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*John F. Foley,* for defendant on appeal.

Before: LESINSKI, C. J., and J. H. GILLIS and QUINN, JJ.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 486 *et seq.*

Per Curiam. By leave granted, defendant appeals his conviction and sentence for incest, MCLA § 750-.333 (Stat Ann 1954 Rev § 28.565). He was convicted on his plea of guilty, February 11, 1964. His appeal attacks the plea-taking procedure on several grounds, but we note only one because it mandates reversal.

Neither the plea transcript nor the sentencing transcript contains any questioning of defendant to establish the crime and his participation therein. GCR 1963, 785.3, and MCLA § 768.35 (Stat Ann 1954 Rev § 28.1058) require such questioning, and failure to do so is reversible error. *People* v. *Barrows* (1959), 358 Mich 267.

Reversed and remanded for such further proceedings as may be required.