PEOPLE *v.* SHELL

1. CRIMINAL LAW — PLEA OF GUILTY — VOLUNTARINESS — TRUTH — COURT RULES.

The trial court is required to examine the accused and ascertain whether his plea of guilty was freely, understandingly, and voluntarily made, and this includes a reasonable ascertainment of the truth of the plea (GCR 1963, 785.3).

2. CRIMINAL LAW—PLEA OF GUILTY—TRUTHFULNESS—COURT RULES.

A reasonable ascertainment of the truth of a plea of guilty means that a substantial factual basis for the plea must appear on the record (GCR 1963, 785.3).

3. CRIMINAL LAW—PLEA OF GUILTY—FACTUAL BASIS—COURT RULES.

Acceptance of defendant's plea of guilty was error where there was nothing in the record to show that a substantial factual basis existed for defendant's plea (GCR 1963, 785.3).

Appeal from Recorder's Court of Detroit, John A. Ricca, and Joseph E. Maher, JJ. Submitted Division 1 March 6, 1970, at Detroit. (Docket No. 7,768.) Decided April 30, 1970. Rehearing denied June 3, 1970.

Samuel Shell was convicted, on his plea of guilty, of second-degree murder. Defendant's delayed motion for a new trial denied. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief,

---

REFERENCE FOR POINTS IN HEADNOTES

[1–3] 21 Am Jur 2d, Criminal Law §§ 486, 491, 492.

Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Larry Middleton,* for defendant on appeal.

Before: LESINSKI, C. J., and QUINN and V. J. BRENNAN, JJ.

PER CURIAM. On January 23, 1958, defendant Samuel Shell tendered a plea of guilty to a charge of second-degree murder. MCLA § 750.317 (Stat Ann 1954 Rev § 28.549). The court accepted his plea and sentenced him to life imprisonment. Defendant now files a delayed appeal, contending his plea is invalid because the court, in accepting the plea, did not establish its truth by direct questioning or otherwise. *People* v. *Barrows* (1959), 358 Mich 267; *People* v. *Perine* (1967), 7 Mich App 292; *People* v. *Stearns* (1968), 380 Mich 704.

GCR 1963, 785.3, as did its predecessor, Court Rule No 35A (1945) (318 Mich xxxix), requires the trial court to "examine the accused * * * and ascertain that the plea was freely, understandingly, and voluntarily made * * * ". This language has been construed as requiring a "reasonable ascertainment of the truth of the plea", *People* v. *Barrows, supra.* A "reasonable ascertainment of the truth of the plea" has, in turn, been construed to mean that a substantial factual basis for the plea must appear on the record. *People* v. *Bartlett* (1969), 17 Mich App 205; *People* v. *Seifert* (1969), 17 Mich App 187. We have reviewed the record in the present case and find nothing approximating a substantial factual basis for defendant's plea. In view of the court's total noncompliance with the court rule, we reverse and remand the case for withdrawal of the plea.

Reversed and remanded.