PEOPLE *v.* LOKATYS

CRIMINAL LAW—PLEA OF GUILTY—TRUTH OF PLEA—COURT RULES.
  Acceptance of defendant's plea of guilty was error where the
  trial court failed to examine him with regard to the facts
  of the crime charged and his participation in it, as required
  by court rule (Court Rule No 35A [1945]; GCR 1963, 785.3).

Appeal from Tuscola, Timothy C. Quinn, J. Submitted Division 2 April 13, 1970, at Lansing. (Docket No. 7,817.) Decided May 1, 1970.

Hubert Albert Lokatys was convicted, on his plea of guilty, of falsely and feloniously forging a check. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *James J. Epskamp,* Prosecuting Attorney, for the people.

*W. Wallace Kent, Jr.,* for defendant on appeal.

Before: R. B. BURNS, P. J., and FITZGERALD and VAN DOMELEN,* JJ.

PER CURIAM. Defendant pleaded guilty in 1958 to falsely and feloniously forging a check (MCLA § 750.248 [Stat Ann 1970 Cum Supp § 28.445]) and

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 487, 492–495.

was sentenced to a term of 3 to 14 years imprisonment.

On appeal defendant raises the following question: Did the trial court commit error in failing to ask questions of defendant calculated to reveal the truth or falseness of his plea of guilty?

At the time of the acceptance of defendant's guilty plea, Court Rule No 35A (1945) was in effect. It is identical to GCR 1963, 785.3. The rules require the following procedure:

"(2) Imposing Sentence. If the accused pleads guilty, after such plea and before sentence the court shall inform the accused of the nature of the accusation and the consequence of his plea; and regardless of whether he is represented by counsel, the court shall examine the accused, not necessarily under oath, and as a condition of accepting the plea of guilty and imposing sentence shall ascertain that the plea was freely, understandingly, and voluntarily made, without undue influence, compulsion, or duress, and without promise of leniency. Unless the court determines that the plea of guilty was so made, it shall not be accepted."

The transcript demonstrates that the defendant was not examined with regard to the facts of the crime and his participation therein, contrary to GCR 1963, 785.3(2). *People* v. *Barrows* (1959), 358 Mich 267; *People* v. *Perine* (1967), 7 Mich App 292; *People* v. *Mason* (1968), 13 Mich App 277.

Reversed and remanded for a new trial.