PEOPLE *v.* THOUIN

CRIMINAL LAW—ROBBERY—PLEA OF GUILTY—UNDERSTANDING PLEA —EXAMINATION OF ACCUSED—COURT RULE.

The failure of the trial judge to question the defendant regarding his participation in the crime, to inquire about his physical and mental condition in order to ascertain whether his plea of guilty was understandingly made, and to explain to him the nature of the charge and the consequences of his plea, constituted a miscarriage of justice necessitating reversal of the defendant's conviction where the trial judge was informed by defense counsel that the defendant had suffered a paralytic stroke and could not recall the circumstances surrounding the unarmed robbery with which he was charged (GCR 1963, 785- .3[a]).

---

REFERENCE FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law § 484 *et seq.*

Appeal from Oakland, Farrell E. Roberts, J. Submitted Division 2 June 3, 1970, at Lansing. (Docket No. 6,812.) Decided June 23, 1970.

Eugene Thouin was convicted, on his plea of guilty, of unarmed robbery. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, and *Dennis Donohue,* Chief Appellate Counsel, for the people.

*Charles J. Porter,* for defendant on appeal.

Before: LESINSKI, C. J., and QUINN and ROOD,* JJ.

LESINSKI, C. J.  On February 6, 1967, defendant Eugene Thouin's 1960 armed robbery[1] conviction was set aside and a new trial granted.

On March 27, 1967, defendant, through appointed counsel, entered a plea of guilty to an added count of unarmed robbery.[2]  The record of this plea hearing is as follows:

"*The Court:* We have criminal matters?

"*Mr. Pantel:* May it please the court, my name is Michael Pantel appearing on behalf of the prosecutor's office this morning in regard to the case of the *People* v. *Eugene Thouin* being Cr 18,494.  Your Honor, this matter was set down for trial on March the 23rd before your Honor.

"These circumstances arose when this defendant was sentenced on June 23, 1960, by Judge Dondero after being found guilty by a jury to the charge of

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] CL 1948, § 750.529 (Stat Ann 1954 Rev § 28.797).
[2] MCLA § 750.530 (Stat Ann 1954 Rev § 28.798).

armed robbery. At that time the defendant was sentenced to 25 to 50 years in Jackson Prison. Mr. Chosid who is present in the courtroom was appointed counsel for the defendant and filed an appeal in this matter and a motion for new trial was granted. Defendant has been brought down from Jackson on a writ. It is now set for trial on today's date, and at this time the people would move to add a second count to the information.

*"The Court:* Where is the defendant?

*"Mr. Pantel:* In the box. Would you stand please?

*"The Court:* No. You may sit down.

*"Mr. Pantel:* All right, thank you. After having reviewed this matter the people at this time would move to add a second count to the original information, that being robbery unarmed which carries a maximum penalty of 15 years.

*"Mr. Chosid:* Richard G. Chosid, attorney representing the defendant. At this time, your Honor, the defendant would like to enter a plea in this matter in connection with the added charge of robbery unarmed, that plea being guilty.

*"The Court:* Do you understand that only you can plead in this matter?

*"Mr. Thouin:* Yes, sir.

*"The Court:* And that you must do so voluntarily?

*"Mr. Thouin:* Yes, sir.

*"The Court:* And that the maximum penalty for robbery unarmed is 15 years?

*"Mr. Thouin:* Yes, sir.

*"The Court:* And that you are entitled to have a trial on this count by a jury or by this court?

*"Mr. Thouin:* Yes, sir.

*"The Court:* And that you are presumed innocent of this count until proved guilty beyond a reasonable doubt?

*"Mr. Thouin:* Yes, sir.

"*The Court:* That you will be entitled to counsel?

"*Mr. Thouin:* Yes, sir.

"*The Court:* And that if you have a trial you will not have to take the stand?

"*Mr. Thouin:* Yes, sir.

"*The Court:* In robbery unarmed, will you please outline the elements?

"*Mr. Pantel:* Yes, your Honor. The elements are any person who shall by force or violence or by assault and putting in fear shall feloniously rob, steal and take from the person of another in his presence any money or property which may be the subject of larceny, such robber not being armed with a dangerous weapon.

"*The Court:* You understand the elements of robbery unarmed?

"*Mr. Thouin:* Yes, sir.

"*The Court:* Do you understand that no one can promise you what sentence I shall find if you plead guilty?

"*Mr. Thouin:* Yes, sir.

"*The Court:* Explain in your own words what you did do.

"*Mr. Thouin:* Pardon?

"*The Court:* Explain in your own words what you did.

"*Mr. Thouin:* It's a long time. At that time I could talk that good. Mister, if I could talk to myself, you know, we could talk a little bit, but partly—part like this, that it would take a long time for me to—like that.

"*The Court:* At the time of this robbery where were you?

"*Mr. Thouin:* Can I talk to him?"

(*Whereupon the defendant and his counsel had a discussion out of the hearing of the reporter.*)

"*Mr. Pantel:* Would you like me to read the information to the defendant, your Honor?

"*Mr. Chosid: Your Honor, he says that the facts and circumstances surrounding the robbery and*

*events that happened at that time, that he is unable
to almost completely recall these things due to his
paralytic stroke.*

*"The Court:* The defendant is presently incar-
cerated in Jackson on Count I, is that correct?

*"Mr. Pantel:* That is correct. He is serving the
original sentence imposed by Judge Dondero.

*"The Court:* Then being aware of those circum-
stances I will allow the plea to the second charge.

*"Mr. Chosid:* Thank you, your Honor.

*"Mr. Pantel:* Thank you.

*"Mr. Chosid:* I would appreciate it if some indi-
cation could be made to the probation department
when he is referred over for sentencing as to a
request for a speedy report.

*"The Court:* The normal sentencing date for this
man would be April 24. Contact the probation
office to see about a more speedy report. He is right
behind you—

*"Mr. Chosid:* Thank you, your Honor.

*"The Court:* —in court.

*"Mr. Pantel:* That is April 24, the tentative date?

*"The Court:* Or as soon as possible.

*"Mr. Pantel:* Thank you." (Emphasis supplied.)

Because of the apparent physical and mental
infirmity of the defendant at the time of the above
plea, as well as his subsequent hospitalization, the
people, on April 12, 1967, moved to set aside de-
fendant's plea:

*"Mr. Pantel:* May it please the court, the people
would like to call the case of Cr 18,494, *People* v.
*Eugene Thouin.* Defendant is charged with two
counts, first count being robbery armed, second
count being unarmed robbery.

"Your Honor, I'm sure that the court is well aware
of this case. This case came up before the court
on a motion for new trial. At that time the defend-
ant entered a plea to an added count by the prosecu-
tion to guilty of robbery unarmed. Sentence was

deferred until April 24. It's my understanding presently during the interim it had been adjourned. *The defendant needed hospitalization at Pontiac General Hospital and has been in the hospital since the date of his entry of his plea until yesterday's date when he was released and taken back to the Oakland County Jail.*

"Based upon the commission of the defendant at the time of his entry of the plea as well as his condition subsequently, the people at this time move to set aside his plea of guilty to the charge of unarmed robbery, *and it's the prosecution's feeling that this man should be incarcerated back on his original sentence of 25 to 50 years in Jackson Prison on the original charge of robbery armed until he is therefore fit and able to stand trial or to enter a plea to the added count of unarmed robbery.* I would therefore move that the new trial be adjourned until he's therefore able to stand trial.

"*The Court:* Counsel for defense?

"*Mr. Chosid: Your Honor, at this time it is our understanding that Mr. Thouin didn't understand the nature of the proceedings under which we had him before this court before.* We therefore would like to withdraw the plea that was entered at that time.

"*Subsequent to the entry of that plea, Mr. Thouin has had a heart seizure in the jail. He was taken to the hospital.* I would therefore like to recommend to the court that he be remanded to Jackson with the recommendation that he get some rehabilitation treatment in order that he be able to be brought back to your courtroom at the shortest possible time in order to be able to stand trial on the charge.

"*The Court:* Very well. I'll withdraw acceptance of the plea to the second count, and he will be remanded to Jackson where he can better receive treatment than in the county jail, *and the new trial then will be adjourned until he is fit to defend himself.*

"*Mr. Chosid:* Thank you, your Honor.

"*Mr. Pantel:* Thank you." (Emphasis supplied.)

Thereafter, on July 5, 1967, defendant again entered a plea of guilty to the crime of unarmed robbery:

"*Mr. Pantel:* Your Honor, there are two other matters which are also scheduled for today, the first one being the case of Cr 18,494, *People* v. *Eugene Thouin.* This matter came before the court prior to this time on a motion for new trial; a new trial on the charge of robbery armed was granted to the defendant and at the time of the trial date the defendant attempted to enter a plea to the added count of Count II, robbery unarmed, which in fact the defendant did plead guilty to but was set aside by the court. He has since been incarcerated in Jackson, and on my writ of bringing the prisoner up for new trial it is again before the court. At this time the people again are ready for trial on the two counts, Count I of robbery armed, Count II of robbery unarmed.

"*Mr. Chosid:* Your Honor, as we have discussed this matter on numerous occasions before, the defendant is ready to make a plea on the added count of robbery unarmed.

"*The Court:* What is the maximum penalty for robbery unarmed? Is it 15 years?

"*Mr. Pantel:* A 15-year penalty, your Honor, MSA 28.798. The robbery armed carries a maximum penalty of life.

"*The Court:* Do you understand that only you can plead guilty to the second count?

"*Mr. Thouin:* Yes, sir.

"*The Court:* That you must do so voluntarily?

"*Mr. Thouin:* Yes, sir.

"*The Court:* You have been assigned counsel. You have a right to trial on the new count by a jury or by this court and you are presumed innocent until proven guilty beyond a reasonable doubt. If you do have another trial you will not have to take the

stand.  Do you understand what robbery unarmed is?

"*Mr. Thouin:* Yes, sir.

"*The Court:* And do you voluntarily plead guilty to robbery unarmed?

"*Mr. Thouin:* I do.

"*The Court:* Very well.

"*Mr. Pantel:* All right.

"*The Court:* I will accept the plea.

"*Mr. Pantel:* Do we have a date, your Honor, on the second count?

"*The Court:* Did you discuss the sentencing date with the—

"*Mr. Pantel:* One week from today, I think.

"*Mr. Chosid:* The 12th.

"*The Court:* All right.  We'll set sentencing down for the 12th of July.

"*Mr. Chosid:* Thank you, your Honor.  The prisoner will be in the Oakland County Jail until that time?

"*Mr. Pantel:* Awaiting sentence.

"*The Court:* Yes.  You may be seated.

"*Mr. Pantel:* Thank you."

On appeal defendant correctly argues that the trial judge failed to comply with the requirements of GCR 1963, 785.3(2).  The Supreme Court stated in *People* v. *Strick* (1940), 292 Mich 173 (construing statutory counterpart of former court rule):

"In my opinion, respondent's plea of guilty was so qualified that the court should have refused to accept such plea as it was not made with full knowledge of the nature of the accusation.  The nature of the crime committed and the statements made by respondent in open court should have apprised the court that further investigation should be made before the plea of guilty was accepted."

In the instant case, the trial court's knowledge, on April 5, 1967, of the defendant's prior disability

made further investigation mandatory. At a bare minimum the trial court should have questioned the accused regarding his participation in the crime. *People* v. *Barrows* (1959), 358 Mich 267; see *People* v. *Taylor* (1970), 383 Mich 338, 356, 357. The failure to so question the accused and the failure to inquire about the defendant's physical and mental condition constituted a miscarriage of justice necessitating reversal.[3] *People* v. *Dunn* (1968), 380 Mich 693; *People* v. *Winegar* (1968), 380 Mich 719.

Our decision in this case obviates discussion of defendant's claim of error concerning the amount of credit he is to be given for the time spent in prison under the initial sentence. However, in view of the people's confession of error on this question, we trust the problem will not occur on remand.

Reversed and remanded.

All concurred.

---

[3] On remand and in the event a plea of guilty is again tendered, the trial court should bear in mind the admonition of Chief Justice Warren in *McCarthy* v. *United States* (1969), 394 US 459, 471, 472 (89 S Ct 1166, 22 L Ed 2d 418), (as cited in *People* v. *Taylor* (1970), 383 Mich 338, 358): "It is, therefore, not too much to require that, before sentencing defendants to years of imprisonment, district judges take the few minutes necessary to inform them of their rights and to determine whether they understand the action they are taking."