PEOPLE v. BEVERLY HAYWOOD

1. FORGERY—UTTERING AND PUBLISHING—STATUTES.

   The statute which punishes the uttering and publishing of a forged instrument requires knowledge that the instrument "uttered and published" was "false, altered, forged or counterfeit" (MCLA § 750.249).

2. CRIMINAL LAW—PLEA OF GUILTY—TRUTH OF PLEA—ELEMENTS OF OFFENSE.

   A court is required, in accepting a plea of guilty, reasonably to determine the truth of the plea but it is not required that every element of the offense be directly established.

3. FORGERY—UTTERING AND PUBLISHING—PLEA OF GUILTY—EXAMINATION BY COURT.

   Plea of guilty of uttering and publishing a forged check was improperly accepted by the court where, in response to the court's questioning, defendant stated that when she received the check the writing purporting to be the indorsement of the payee was already inscribed on the back of the check because defendant could just as well have been a dupe for the man who asked her to cash it for him as a participant in the offense (MCLA § 750.249).

Appeal from Genesee, Elza H. Papp, J. Submitted Division 2 July 28, 1970, at Detroit. (Docket No. 8,288.) Decided October 26, 1970.

Beverly Haywood was convicted, on her plea of guilty, of uttering and publishing a forged check. Defendant appeals. Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1] 36 Am Jur 2d, Forgery § 20.
[2] 21 Am Jur 2d, Criminal Law §§ 486–492.
[3] 36 Am Jur 2d, Forgery §§ 44–46, 48.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*Allen J. Nelson,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS and O'HARA,* JJ.

PER CURIAM. Defendant pleaded guilty to a charge of uttering and publishing a forged check, MCLA § 750.249 (Stat Ann 1962 Rev § 28.446).[1] She appeals contending that the trial court improperly accepted the guilty plea.

The statute under which appellant was convicted requires knowledge that the instrument "uttered and published" was "false, altered, forged or counterfeit." While it is not required that before the court may accept a plea of guilty every element of the offense be directly established, it is required that the court obtain a reasonable ascertainment of the truth of the plea. *People* v. *Bartlett* (1969), 17 Mich App 205. Defendant stated, in response to the court's questioning, that when she received the check the writing purporting to be the endorsement of the payee was already inscribed on the back of the check. This being so, the defendant could just as well have been a dupe for the man who askd her to cash it for him as a participant in the offense. We think a fair reading of the court's rule-required examination is susceptible of either interpretation. Under these circumstances, we feel constrained to reverse and remand for a new trial.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] She was sentenced to serve 4–1/2 to 14 years in the Detroit House of Correction.