## PEOPLE v. STEWMAN

1. CRIMINAL LAW—PLEA OF GUILTY—UTTERING AND PUBLISHING—FACTUAL BASIS.
    Acceptance by the trial court of defendant's plea of guilty of uttering and publishing a forged check was reversibly erroneous where the court's only inquiry was limited to asking the defendant whether he in fact did utter and publish a check payable to the order of another on a certain date, because the inquiry did not establish a substantial factual basis for the plea nor establish the specific intent necessary for a conviction of uttering and publishing (GCR 1963, 785.3[2]).

2. CRIMINAL LAW—PLEA OF GUILTY—FACTUAL BASIS—COURT RULES.
    The failure of a trial court to comply with the court rule requiring the establishment of a substantial factual basis for a plea of guilty and the determination that the plea is true before accepting a plea of guilty constitutes reversible error (GCR 1963, 785.3[2]).

Appeal from Bay, Leon R. Dardas, J. Submitted Division 3 September 7, 1971, at Lansing. (Docket No. 8818.) Decided October 27, 1971.

Jesse W. Stewman was convicted, on his plea of guilty, of uttering and publishing a forged check. Defendant appeals. Reversed

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Eugene C. Penzien,* Prosecuting Attorney, and *Jack E. Frost,* Chief Assistant Prosecuting Attorney, for the people.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 484 *et seq.*

Jesse W. Stewman, *in propria persona.*

Before: Lesinski, C. J., and Quinn and Bronson, JJ.

Per Curiam. Defendant was convicted in 1964 in the Bay County Circuit Court of uttering and publishing a forged check. MCLA § 750.249 (Stat Ann 1962 Rev § 28.446).

Defendant's argument, raised in a motion for a new trial and on appeal, is that the guilty plea must be vacated because of improper compliance with GCR 1963, 785.3(2) and because the plea was untruthful and involuntary.

Testimony, at a two-day hearing on defendant's motion to withdraw his plea and for a new trial, indicated that he was intoxicated and under the influence of drugs when he pleaded guilty.

GCR 1963, 785.3(2) requires the trial judge to determine whether the plea is true and whether there is a substantial factual basis for the plea. *People* v. *Seifert* (1969), 17 Mich App 187, 189; *People* v. *Donald T. Moore* (1970), 21 Mich App 150, 151.

In the present case the only inquiry the court made bearing on the crime and defendant's participation therein was:

"*Q.* You understand by pleading guilty you are saying you did in fact on August 10, 1964, utter and publish a check drawn on the Bank of the Commonwealth, Detroit, payable to F. E. Leonard?
"*A.* Yes, your Honor."

This limited inquiry does not establish either a sufficient factual basis for defendant's plea or the specific intent necessary to convict for uttering and publishing. Failure to comply with GCR 1963, 785-

.3(2) is reversible error.   Defendant's motion to vacate his plea should have been granted.  *People* v. *Barrows* (1959), 358 Mich 267; *People* v. *Wilkins* (1966), 3 Mich App 56; *People* v. *Palma* (1970), 25 Mich App 682, 686.

Reversed.