PEOPLE *v.* THOMPSON

CRIMINAL LAW—PLEA OF GUILTY—FACTUAL BASIS—PRELIMINARY
EXAMINATION TRANSCRIPT.
> The failure of the trial judge to establish an element of the
> crime of which the defendant was pleading guilty was not
> reversible error where the judge made a conscientious effort
> to ascertain defendant's guilt and where the missing element
> of the crime could be supplied from the record of the pre-
> liminary examination.

Appeal from Macomb, Edward J. Gallagher, J.
Submitted Division 2 September 7, 1971, at Lansing.
(Docket No. 10628.)   Decided November 29, 1971.
Leave to appeal granted, plea vacated, and remanded
to circuit court with instructions, 387 Mich 794.

Robert George Thompson was convicted, on his
plea of guilty, of robbery unarmed.  Defendant ap-
peals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *George N. Parris,*
Prosecuting Attorney, *Thaddeus F. Hamera,* Chief
Appellate Lawyer, and *Don L. Milbourn,* Assistant
Prosecuting Attorney, for the people.

*Gerald F. Wigle,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and FITZGERALD and
LEVIN, JJ.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 492.

Per Curiam. Defendant was charged with robbery armed (MCLA 750.529; MSA 28.797); he pled guilty to the charge of robbery unarmed (MCLA 750.530; MSA 28.798) and was sentenced to a term of 10 to 15 years.

The record establishes that the defendant was aware of the nature of the accusation; the judge minimally discharged his obligation in that regard.

The judge made a conscientious effort to comply with the direct questioning requirement set forth in *People* v. *Barrows,* 358 Mich 267, 272 (1959). Although he overlooked establishing an element of the crime of unarmed robbery before accepting the guilty plea, we may rely on the preliminary examination transcript to supply the missing ingredient.

Here, as in *People* v. *Bartlett,* 17 Mich App 205 (1969), the defendant was originally charged with robbery armed and was allowed to plead guilty to a charge of robbery unarmed. In both cases, here as there, the judge established by direct questioning of the defendant that he had stolen money from the victim but failed clearly to establish that the larceny had been accomplished by an assault upon the victim, constituting the offense of robbery. In both *Bartlett* and this case the preliminary examination transcript showed that witnesses for the people were prepared to testify that the originally charged offense, armed robbery, had been committed by the defendant.

Having in mind the reluctance of guilty-pleading defendants to state all the facts where they have bargained for a reduced charge, in a case such as this we may properly rely on the preliminary examination record in affirming a conviction of the reduced charge.

Defendant argues that the judge failed to inform him of the consequences of his plea. In the presence

of the defendant, the court conducted a colloquy with defense counsel during which counsel stated that the maximum penalty for unarmed robbery was a sentence of 15 years. Defendant was, therefore, aware of the consequences of his plea.

Finally, defendant argues that the record does not demonstrate that his plea was voluntarily and understandingly made. The trial judge's examination of the defendant in this regard was adequate.

Affirmed.