PEOPLE v MORGAN

CRIMINAL LAW—PLEA OF GUILTY—GROSS INDECENCY—FACTUAL BASIS.

  Defendant's plea of guilty of attempted gross indecency must be
  set aside where the trial judge, in questioning the defendant,
  failed to elicit any specific details of the crime and the prelimi-
  nary examination testimony of the two complaining witnesses
  failed to reveal acts which constituted an attempt to commit or
  the commission of an act of gross indecency.

Appeal from Jackson, John C. Dalton, J. Submit-
ted Division 2 March 7, 1972, at Lansing. (Docket
No. 10344.) Decided May 1, 1972.

Harold M. Morgan was convicted, on his plea of
guilty, of attempted gross indecency with a male
person. Defendant appeals. Reversed and re-
manded with instructions.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Bruce A. Barton,*
Prosecuting Attorney, and *William D. Boham,*
Chief Appellate Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, for
defendant.

Before: LESINSKI, C. J., and BRONSON and TAR-
GONSKI,* JJ.

PER CURIAM. Defendant was charged with the

REFERENCE FOR POINTS IN HEADNOTE
  21 Am Jur 2d, Criminal Law § 449.
  * Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

crime of indecent liberties with a male child under 16 years of age. MCLA 750.336; MSA 28.568. He pled guilty to an added count of attempted gross indecency with a male person. MCLA 750.338; MSA 28.570. The plea was accepted, and he was sentenced to a term of four to five years in prison.

Appointed appellate counsel did not take a timely appeal since if successful defendant would be subject to retrial on the original charge carrying a greater maximum penalty. An application for delayed appeal filed *in propria persona* was denied by this Court. Defendant appealed our denial to the Michigan Supreme Court, which granted leave to appeal and remanded to this Court for determination as on a grant by this Court of a delayed application for leave to appeal. 384 Mich 820 (1971).

The sole issue is whether the trial court made a reasonable ascertainment of the truth of defendant's plea as required by *People v Barrows,* 358 Mich 267 (1959).

The colloquy between the court and the defendant did not elicit any specific details of the alleged crime. While a factual basis for a plea may be supplied by the preliminary examination, *People v Lown,* 30 Mich App 121 (1971), the testimony of the two complaining witnesses at defendant's preliminary examination fails to reveal acts which constitute acts of gross indecency, nor under the circumstances of this case, do they constitute an attempt to commit an act of gross indecency. See *People v Danielac,* 38 Mich App 230 (1972).

The trial court did not elicit a substantial factual basis for the plea and it must be set aside. See *People v Rufus Williams,* 386 Mich 277 (1971).

Reversed and remanded for proceedings not inconsistent with this opinion.