PEOPLE *v.* ANDERSON

CRIMINAL LAW—MARIJUANA—NARCOTICS—POSSESSION—QUANTITY.
  The quantity of marijuana alleged to be in possession of defendant is not an element of the crime of possession of narcotics (MCLA § 335.153).

Appeal from Recorder's Court of Detroit, John R. Kirwan, J. Submitted Division 1 November 3, 1970, at Grand Rapids. (Docket No. 9677.) Decided December 8, 1970.

Clarence D. Anderson was convicted, on his plea of guilty, of possession of narcotics. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: HOLBROOK, P. J., and R. B. BURNS and FITZGERALD, JJ.

PER CURIAM. Defendant, through his counsel, interrupted a jury trial on the charge of sale of

REFERENCE FOR POINTS IN HEADNOTE
25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 16, 17.

narcotics and tendered a plea of guilty to the reduced charge of possession of narcotics, MCLA § 335.153 (Stat Ann 1957 Rev §18.1123). The plea was accepted, and on April 28, 1970, the defendant was sentenced to a term of 1–1/2 to 10 years imprisonment by Judge John R. Kirwan of the recorder's court. With the assistance of court-appointed appellate counsel, a timely claim of appeal has been filed in this Court and grounded on three allegations of error. It is contended that defendant did not understand the nature of the crime to which he was pleading guilty. It is contended that the lower court erred in failing to examine the defendant as to the facts of the crime and his participation in it. It is contended that the court erred in failing to examine the defendant as to the amount of marijuana alleged to be in his possession. The people have filed a motion to affirm the conviction and sentence.

This is a model plea proceeding. The defendant was thoroughly examined by the trial court judge. The record clearly demonstrates that the defendant understood the nature of the charge. Moreover, the record indicates that the trial court examined the defendant as to the facts of the crime and his participation in it, pursuant to the requirement contained in *People* v. *Barrows* (1959), 358 Mich 267. It is true that the lower court did not examine the defendant specifically as to the quantity of marijuana alleged to be in his possession. However, this is not an element of the crime. Moreover, the defendant tendered a plea to the amended information which described the marijuana alleged to be in defendant's possession as "one tinfoil package containing 60.65 grains of bulk cannibus [*sic*] sativa". The motion to affirm is granted.