PEOPLE *v.* BLOCKER

CRIMINAL LAW—PLEA OF GUILTY—COURT'S EXAMINATION—COURT RULE.

> Examination of a guilty-pleading defendant, charged with sodomy and not represented by counsel, where only four questions were asked, two being the judge's request for the defendant to repeat what the defendant had previously said, the total examination consisted of sixty-two words, the trial judge told the defendant that "I know that you know what the offense is" because the defendant had been before the court before did not comply with case law or court rules governing the examination of a defendant before a plea of guilty could be taken, did not reveal a substantial factual basis for the plea, and necessitates reversal (GCR 1963, 785.3[2]).

Appeal from Cass, James E. Hoff, J. Submitted Division 3 January 8, 1971, at Grand Rapids. (Docket No. 8864.) Decided January 27, 1971.

Isaac Blocker was convicted, on his plea of guilty, of sodomy. Defendant appeals. Reversed and remanded for new trial.

Isaac Blocker, *in propria persona.*

Before: HOLBROOK, P. J., and McGREGOR and T. M. BURNS, JJ.

PER CURIAM. On June 29, 1965, defendant was arraigned on a charge of sodomy, contrary to MCLA

---

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 484 *et seq.*

§ 750.158 (Stat Ann 1962 Rev § 28.355). At the arraignment he waived the reading of the information, waived his right to counsel and a jury trial, and pled guilty to the crime as charged. Subsequently he was sentenced to a term of 3 to 15 years in prison.

The record contains the following requests and petitions, all filed by the defendant *in propria persona:*

1. A delayed petition for appointment of appellate counsel, denied on January 3, 1968;

2. A motion to withdraw guilty plea and a motion for new trial, denied after hearing by circuit judge, on August 22, 1969;

3. Petition for writ of habeas corpus, denied November 19, 1969;

4. An appeal to this Court, by way of leave, which was granted.

It should be noted at the outset, that the people have not responded to any of defendant's petitions and have failed thus far to file a brief in this appeal.

The only meritorious issue raised by the defendant which this Court finds necessary to consider is whether the trial court erred reversibly in accepting defendant's plea of guilty.

The defendant alleges that the trial court failed to examine him as to the facts of the crime and his participation in it, thereby precluding the proper acceptance of his plea.

In the instant case, defendant waived his right to counsel and no preliminary examination was conducted. The only colloquy at arraignment and plea, relative to the facts of the crime, was the following:

*"The Court:* Who is Gregory Alan McCully?

*"Respondent:* Some kid we picked up; a hitchhiker. I don't know him.

*"The Court:* A hitchhiker?

*"Respondent:* Yes, sir.

*"The Court:* He was willing?

*"Respondent:* Yes, your Honor, and it was his idea.

*"The Court:* What is that?

*"Respondent:* It was his idea.

*"The Court:* Well, all right. You have been here before, Mr. Blocker, so I know that you know what the offense is that you are charged with."

The foregoing examination can hardly be considered sufficient compliance with the requirements set out originally in *People* v. *Barrows* (1959), 358 Mich 267, or the court rules (GCR 1963, 785.3[2]). The non-compliance in the present case is magnified by the fact that the defendant did not have counsel, nor does the record contain any other source of information which could reveal a substantial factual basis for the plea. See *People* v. *Bartlett* (1969), 17 Mich App 205.

The trial court is reversed and the defendant is remanded for new trial.