PEOPLE *v.* FRED SMITH

CRIMINAL LAW—PLEA OF GUILTY—COMPETENCY—MENTAL DISORDER.

Acceptance of a plea of guilty of breaking and entering even though the court had before it, at the time of plea taking, a psychiatric evaluation showing the defendant to have a socio-pathic personality disorder and anti-social reaction and to be assaultive, hostile, and egocentric, was not error where the defendant was represented by counsel, did not produce a supporting affidavit showing his guilty plea to be a product of a personality disorder or other mental impairment, made no showing that any of his psychological disturbances related to the breaking and entering charge, the psychiatric evaluation showed that the defendant was competent to stand trial, and where the trial judge examined the defendant at length regarding the facts surrounding the breaking and entering charge and concluded that the plea was made according to accepted standards (GCR 1963, 785.3[2]).

Appeal from Recorder's Court of Detroit, James Montante, J. Submitted Division 1 June 4, 1970, at Detroit. (Docket No. 8,323.) Decided August 26, 1970.

Fred Smith was convicted, on his plea of guilty, of breaking and entering with intent to commit larceny. Defendant appeals. Affirmed.

REFERENCE FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law § 484 *et seq.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Owen J. Galligan,* Assistant Prosecuting Attorney, for the people.

*Myron H. Wahls,* for defendant on appeal.

Before: J. H. GILLIS, P. J., and LEVIN and BORRADAILE,\* JJ.

J. H. GILLIS, P. J. In August 1967, defendant Fred Smith was convicted by a jury of rape, MCLA § 750.520 (Stat Ann 1954 Rev § 28.788), and breaking and entering with intent to commit larceny, MCLA § 750.110 (Stat Ann 1962 Rev § 28.305). A motion for a new trial was granted and on January 26, 1968, defendant pled guilty to breaking and entering. This Court granted defendant's application for a delayed appeal from the denial of his motion for a new trial on the breaking and entering charge.

The sole issue on appeal is whether it was error to accept defendant's guilty plea, in view of certain information before the trial judge relative to defendant's mental condition.

In this case, the trial judge had before him a psychiatric evaluation of defendant which was authorized when defendant was first tried on the rape charge. The report concluded that defendant bore a "sociopathic personality disturbance, anti-social reaction, with sexual deviation (rape) and was hostile, egocentric and assaultive," but was competent to stand trial.

Defendant contends that under these circumstances the trial judge should have ascertained,

_____
\* Circuit judge, sitting on the Court of Appeals by assignment.

through further psychiatric evaluation, whether this mental condition precluded a free, voluntary, knowing, and understanding guilty plea. We disagree.

Recently, in *People* v. *Russell* (1969), 20 Mich App 47, this Court was faced with a similar issue. In that case an 18-year-old youth, unrepresented by counsel, pled guilty of rape. At the request of the prosecutor a psychiatric evaluation was presented to the trial court which showed defendant had a sociopathic personality disturbance with sexual deviation and strong hostility. An affidavit from the examining psychiatrist was filed with the motion to withdraw the guilty plea. That affidavit concluded that the guilty plea was the product of "repetition compulsion." This Court reversed the conviction, and ordered re-arraignment with the assistance of counsel, so that the defendant would be able to assert the defense of insanity.

The instant case represents a somewhat different factual setting. Here defendant was represented by counsel. There is no supporting affidavit showing the guilty plea to be the product of a personality disorder or other mental impairment. There is no showing that any of defendant's psychological disturbances relate to the breaking and entering charge; rather, the psychiatric report deals with defendant's propensity towards rape, and found him competent to stand trial. The trial judge examined the defendant at length regarding the facts surrounding the breaking and entering charge and concluded that the plea was made according to accepted standards. *People* v. *Taylor* (1970), 383 Mich 338. GCR 1963, 785.3(2).

The rule in *Russell, supra,* was designed to prevent a waiver by a psychologically disturbed defendant of rights and defenses which he could not reasonably be held to know or understand. *Russell,*

*supra,* and the cases cited there, deal with situations where the defendant was not represented by counsel, or where information before the court raised a *bona fide* doubt as to defendant's competency. See, *e.g., Hyatt* v. *United States* (D Colo, 1963), 223 F Supp 594; *Pate* v. *Robinson* (1966), 383 US 375 (86 S Ct 836, 15 L Ed 2d 815) ; *United States* v. *Kincaid* (CA 4, 1966), 362 F2d 939. These cases do not apply to the instant case where the defendant was represented by counsel and the information on defendant's mental state did not relate to the crime charged, or his ability to waive trial, plead guilty, or stand trial. We find no error.

Affirmed.

All concurred.