PEOPLE *v.* COATS

CRIMINAL LAW—PLEA OF GUILTY—COMPETENCY—COURT'S INVESTIGATION.

> The trial court was not obligated to interrogate a guilty-pleading defendant as to his mental state or to satisfy itself that the defendant was competent to enter a plea or to understand the consequences of his actions even though five months prior to the plea the court had ordered a psychiatric examination of defendant pursuant to defense counsel's motion where the defendant was represented by counsel at the plea-taking proceeding, no objection was made to the proceeding, no allegation of mental incompetency has been made on appeal, and nothing further appears on the record concerning the order for the psychiatric examination (MCLA § 768.35; GCR 1963, 785.3).

Appeal from Oakland, Arthur E. Moore, J. Submitted Division 2 April 7, 1971, at Lansing. (Docket No. 10047.) Decided April 29, 1971.

Philip R. Coats was convicted, on his plea of guilty, of larceny of property valued over $100. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, and *Frank R. Knox,* Assistant Prosecuting Attorney, for the people.

*John J. Morad,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 485 *et seq.*

Before: Quinn, P. J., and R. B. Burns and Mc-Gregor, JJ.

Per Curiam. The defendant pleaded guilty to the crime of larceny over $100.[1]

Approximately five months before the acceptance of the guilty plea and pursuant to a defense counsel motion, the court issued an order for psychiatric examination of the defendant. Nothing further appears on the record concerning the motion or order. Defendant's sole contention on appeal is that the trial court failed to satisfy itself that the defendant was competent to enter a plea or to understand the consequences of his actions, as required by MCLA § 768.35 (Stat Ann 1954 Rev § 28.1058). The defendant alleges that the trial judge should have interrogated him as to his mental state.

We cannot conclude from the record before us that the trial court possessed information which raised a *bona fide* doubt as to defendant's competency. Unlike the cases of *People* v. *Russell* (1969), 20 Mich App 47; *People* v. *Strick* (1940), 292 Mich 173; and *People* v. *Thouin* (1970), 24 Mich App 483, the record is void of any reason why the judge should have examined defendant's mental competency. This case is more analogous to the case of *People* v. *Fred Smith* (1970), 26 Mich App 260, where this Court noted that the defendant was represented by counsel and was thoroughly examined by the trial court concerning his guilty plea.

In this case defendant was represented by counsel and a satisfactory guilty plea accepted. No objection was made to the proceeding and even now there is no allegation of mental incompetence.

Affirmed.

---

[1] MCLA § 750.356 (Stat Ann 1971 Cum Supp § 28.588).