PEOPLE *v.* GRUGEL

1. New Trial—Newly-Discovered Evidence—Discretion.
 A motion for a new trial on the ground of newly-discovered evidence is addressed to the sound discretion of the court.

2. New Trial—Motions—Factual Basis—Record—Affidavits.
 The facts in a motion for a new trial must be supported either by the record or by affidavits of the party or some other person (GCR 1963, 527.3).

3. New Trial—Withdrawal of Guilty Plea—Newly-Discovered Evidence.
 Defendant's motion for vacation of his sentence, withdrawal of his guilty plea, and a new trial was properly denied without an evidentiary hearing where the motion was based on allegedly newly-discovered evidence of defendant's incompetency, the motion was not supported by affidavits, and the record discloses no error in the proceedings.

Appeal from Recorder's Court of Detroit, Joseph E. Maher, J. Submitted Division 1 May 11, 1971, at Grand Rapids. (Docket No. 10760.) Decided June 28, 1971.

Robert M. Grugel was convicted, on his plea of guilty, of attempted breaking and entering a business place with intent to commit larceny. Defendant appeals. Affirmed.

References for Points in Headnotes
[1] 58 Am Jur 2d, New Trial §§ 165, 212.
[2] 58 Am Jur 2d, New Trial § 204 *et seq.*
[3] 58 Am Jur 2d, New Trial § 200 *et seq.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Liberson, Bernard, Abramson, Fink, Feiler, Crystal & Burdick,* for defendant on appeal.

Before: FITZGERALD, P. J., and R. B. BURNS and HOLBROOK, JJ.

PER CURIAM. The defendant and a codefendant were charged with breaking and entering a business place with intent to commit larceny therein. They pled guilty to attempted breaking and entering a business place with intent to commit larceny therein. MCLA § 750.92 and § 750.110 (Stat Ann 1962 Rev § 28.287 and 1971 Cum Supp § 28.305). The plea taking was exemplary and no question of competency was raised at that time either by trial counsel or by the defendant himself. Appellate counsel moved to vacate sentence, withdraw guilty plea, and for a new trial on the ground of newly-discovered evidence of the defendant's mental incompetency. No supporting affidavits were filed. The motion was denied without an evidentiary hearing.

On appeal the defendant claims that the trial court erred in denying his motion to vacate sentence, withdraw guilty plea, and for a new trial without granting an evidentiary hearing to determine the truth of the defendant's allegations.

A motion for a new trial on the ground of newly-discovered evidence is addressed to the sound discretion of the trial court. *People* v. *Keiswetter* (1967), 7 Mich App 334. If the facts in the motion for a new trial do not appear from the record of

the case, the motion shall be supported by affidavits of the party or some other person. GCR 1963, 527.3. The trial judge did not abuse his discretion in denying the motion since the record is without error and no affidavits were filed in support of the allegation of newly-discovered evidence as to the defendant's competency. See *People* v. *Fred Smith* (1970), 26 Mich App 260, 262. The question sought to be reviewed is so unsubstantial as to require no argument or formal submission.

Motion to affirm is granted.