PEOPLE *v* CARLISLE

OPINION OF THE COURT

1. CRIMINAL LAW—PLEA OF GUILTY—RECORD.

No plea of guilty should be accepted by a trial judge until facts sufficient to establish the defendant's guilt have been set out in the record; preferably, these facts should be brought out through a direct examination of the accused by the trial judge at the time the plea of guilty is accepted.

2. CRIMINAL LAW—PLEA OF GUILTY—FACTUAL BASIS FOR PLEA.

Trial court did not establish a factual basis for the defendant's plea of guilty at the time such plea was accepted where the court stated, "You know what happened—I don't know—I haven't heard the facts in this case—You know whether you are guilty or not."

3. CRIMINAL LAW—PLEA OF GUILTY—UNDERSTANDING PLEA.

Trial court cannot ascertain that the accused "understandingly" pled guilty unless the trial court knew what the defendant thought her crime was, otherwise the defendant might plead guilty to something that was not a crime at all—and that would be the height of lack of understanding and the court rule regarding the acceptance of a plea of guilty requires that the trial court should "know what happened" so that it would know whether defendant was "guilty or not" (GCR 1963, 785.3[2]).

4. CRIMINAL LAW—PLEA OF GUILTY—TRUTH OF PLEA—VACATING PLEA.

A conviction on a plea of guilty should be reversed, the plea vacated, and the trial court ordered to proceed thereafter as

REFERENCES FOR POINTS IN HEADNOTES

[1–10] 21 Am Jur 2d, Criminal Law §§ 484–496.
Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof, 97 ALR2d 549.

appropriate where the trial court, in accepting the plea, honestly confessed its ignorance and its determination to remain in ignorance of the truth of the plea by stating that the defendant knew what happened and when the defendant tried to tell that court what it should have been trying to ascertain the court responded that it did not ask her what the facts were.

5. CRIMINAL LAW—PLEA OF GUILTY—CONFESSION.

A confession cannot serve to establish a factual basis for the acceptance of defendant's plea of guilty where the trial court on the record accepted the plea without knowledge of these facts.

6. CRIMINAL LAW—PLEA OF GUILTY—NATURE OF THE ACCUSATION.

A trial judge accepting a plea of guilty must adequately advise the defendant of the nature of the accusation against him (MCLA 768.35; GCR 1963, 785.3[2]).

7. CRIMINAL LAW—PLEA OF GUILTY.

Plea of guilty proceedings are not held to the more stringent standards enunciated in a United States Supreme Court decision where the plea of guilty was accepted prior to that decision.

DISSENTING OPINION
BLACK and T. E. BRENNAN, JJ.

8. CRIMINAL LAW—PLEA OF GUILTY—ROBBERY—FACTUAL BASIS OF PLEA.

*Remark by trial judge that he had not heard the facts in the case, prompted by colloquy in which the defendant made reference to driving an automobile, did not demonstrate failure to ascertain that there was a factual basis for the plea of guilty where the trial judge had earlier asked the defendant if she had assaulted the victim on a certain date with the intent to rob him, being armed, and the defendant answered in the affirmative.*

9. CRIMINAL LAW—PLEA OF GUILTY—FACTUAL BASIS OF PLEA—COURT RULES.

*A trial judge need not elicit a detailed recital of an accused's actions in order to satisfy a court rule or to accept a plea of guilty in good conscience; it is sufficient that the accused admit his having committed the offense (GCR 1963, 785.3[2]).*

10. CRIMINAL LAW—PLEA OF GUILTY—CONFESSION—ADMISSIBILITY—
CONSTITUTIONAL LAW.

> *An assertion that a coerced confession induced a plea of guilty*
> *is at most a claim that the admissibility of a confession*
> *was mistakenly assessed and that since defendant was errone-*
> *ously advised, either under the then applicable law or under*
> *the law later announced, his plea was an unintelligent and*
> *voidable act; however, the constitution does not render pleas*
> *of guilty so vulnerable.*

Appeal from Court of Appeals, Division 1, Lesin-ski, C. J., and Fitzgerald and V. J. Brennan, JJ., remanding Recorder's Court of Detroit, Gerald W. Groat, retired, and Thomas L. Poindexter, JJ. Submitted September 15, 1971. (No. 39 June Term 1971, Docket No. 52,706.) Decided April 6, 1972.

19 Mich App 680 reversed.

Doreen Carlisle was convicted, on her plea of guilty, of assault with intent to rob being armed and was placed on probation. After a parole violation hearing she was sentenced to prison. Defendant's motion to withdraw her plea of guilty denied. Defendant appealed to the Court of Appeals. Remanded with instructions. The people appeal. Reversed, plea of guilty vacated and remanded to trial court.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas R. Lewis,* Assistant Prosecuting Attorney, for the people.

*Jessie P. Slaton,* for defendant on appeal.

WILLIAMS, J. This case presents three basic issues before this Court: 1) whether a factual basis estab-

lishing the truth of the plea is essential for the acceptance of a guilty plea under the law of the State of Michigan; 2) whether the defendant's confession was involuntary, and, if so, whether it may serve as a factual basis for the acceptance of her plea of guilty; and 3) whether the defendant was adequately advised of the nature of the accusation against her prior to the acceptance of her plea of guilty.

The defendant pleaded guilty before Judge Gerald W. Groat in Detroit Recorder's Court to the offense of assault with intent to rob being armed on December 22, 1965. She was sentenced to 3 years' probation with the first 90 days to be served in the Detroit House of Correction. After violating her probation, the defendant was sentenced in July of 1968 to serve 2 to 20 years in prison. Her motion to vacate plea of guilty was denied by Judge Thomas L. Poindexter of Recorder's Court on September 26, 1968.

The Court of Appeals remanded this case to the trial court with instructions. *People* v *Carlisle,* 19 Mich App 680 (1969). The Court of Appeals held that a factual basis is necessary for the acceptance of a guilty plea. The only evident factual basis for the defendant's guilty plea is her confession which was admitted into evidence at the preliminary hearing. The defendant alleged that the confession was involuntarily given. The Court of Appeals therefore remanded the case to Recorder's Court for a *Walker* hearing (*People* v *Walker* [On Rehearing], 374 Mich 331 [1965]) to determine the legality of the obtaining of the confession. Prior to the remand, we granted the people's application for leave to appeal.

## I.

The people contend that it is not necessary that the trial court establish a factual basis for a defend-

ant's guilty plea before accepting it. We cannot agree.

In *People* v *Barrows,* 358 Mich 267 (1959) this Court recognized the necessity on the part of the trial judge to establish a factual basis prior to the acceptance of a plea of guilty. Writing for a unanimous court, Justice GEORGE EDWARDS stated:

"The direct questioning of a defendant by the trial judge on plea of guilty is required by the rule [Court Rule No 35A (1945)] for the purpose of establishing the crime and the participation therein of the person pleading guilty." 358 Mich 267, 272.

We reaffirm our holding in *Barrows.* No plea of guilty should be accepted by a trial judge until facts sufficient to establish the defendant's guilt have been set out in the record. Preferably, these facts should be brought forth through a direct examination of the accused by the trial judge at the time the plea of guilty is accepted.

In the instant case, the trial court did not establish a factual basis for the defendant's plea of guilty at the time such plea was accepted. The portion of the record of the plea proceeding set out below makes this clear:

"*Q.* Is there any question in your mind about it? If there is, tell this Court right now. The Court wants to know. We don't want anybody to plead guilty unless they are guilty of this crime.

"*A.* I did drive the car.

"*Q.* I beg your pardon?

"*A.* I did drive the man to the hospital.

"*Q.* I didn't ask you what the facts were. You know what happened. I don't know. I haven't heard the facts in this case. You know whether you're guilty or not."

GCR 1963, 785.3(2) requires that the court make an examination " * * * to ascertain that the plea was freely, *understandingly* and voluntarily made * * * ." (Emphasis supplied.) The trial court cannot ascertain that the accused "understandingly" pled guilty unless the trial court knew what the defendant thought her crime was, otherwise the defendant might plead guilty to something that was not a crime at all—and that would be the height of lack of understanding. See *People* v *Merhige,* 212 Mich 601 (1920).

Unfortunately, because of lack of clear precedent perhaps, in the case at bar the trial judge was confused as to who should know what. He told the defendant "You know what happened" and "You know whether you're guilty or not."

The court rule, however, requires that the *trial court* should "know what happened" so that the *trial court* would know whether the defendant was "guilty or not".[1]

---

[1] The necessity of such examination of the defendant by the trial judge is evident from the surprises it often turns up. See, for instance, the record of a guilty plea proceeding in another case recently decided by this Court:

"*The Court:* All right.

"Let me see if you are really guilty of anything. Before I can accept your plea, I have to know whether you are guilty of anything, so tell me where were you on this day and where did you actually take a 1965 Volkswagon?

"*The Defendant:* Yes. Well, your Honor, it was about four o'clock in the morning and it was on Edwards, close to Home Avenue.

"*The Court:* That's in the City of Flint?

"*The Defendant:* Yes.

"*The Court:* All right. Go ahead.

"*The Defendant:* And I went and I started it and I drove it away.

"*The Court:* Let me ask you, was the key in the car?

"*The Defendant:* No, your Honor. .

"*The Court:* How did you get it started?

"*The Defendant:* With a different ignition.

"*The Court:* What do you mean with a different ignition? How could you—You mean you took one motor out and put another motor in?

"*The Defendant:* No, the ignition switch on the switch—

"*The Court:* Well, how did you do that?

The trial court here honestly confessed its ignorance and its determination to remain in ignorance. "You know what happened. I don't know." When the defendant tried to tell the trial court what the trial court should have been trying to ascertain, the trial court responded "I didn't ask you what the facts were   *   *   *   I don't know. I haven't heard the facts in this case   *   *   *   "

Under these circumstances, there is only one thing to do—reverse, vacate the plea of guilty and order the trial court to proceed thereafter as appropriate.

## II.

The defendant's confession was obtained by a detective without counsel present after the defendant had stated to the assistant prosecuting attorney a few hours before that she did not want to talk, and asked "If I want a lawyer what do I do?" *People v Carlisle*, 19 Mich App 680, 684 (1969). We need not consider the admissibility of such a confession.[2] Since the trial court on the record accepted the plea without knowledge of these facts, the confession cannot serve to establish a factual basis for the acceptance of defendant's plea of guilty.

"*The Defendant:* Well, I had a—I have a Volkswagon, and I lifted up the hood and put the three prongs on it and started it.
"*The Court:* Oh, you own a Volkswagon yourself?
"*The Defendant:* Yes, your Honor.
"*The Court:* I see. And you drove this around and then what did you do?
"*The Defendant:* I changed license plates on it, and I towed—
"*The Court:* Towed? T-o-w- — the car away?
"*The Defendant:* Towed mine out into Clio to a farm.
"*The Court:* In other words you were switching automobiles?
"*The Defendant:* Yes, your Honor.
"*The Court:* Actually, you are really guilty of the higher offense, but the Court will accept your plea to the lesser offense. Now, young man, has this been the first time you have ever been in court as an adult, in Circuit Court?" *Genesee Prosecutor v Genesee Circuit Judge*, 386 Mich 672 (1972).

[2] Moreover, see *People v Zaleski*, 375 Mich 71, 81 (1965).

## III.

Though this issue was not raised by the appellee, a trial judge accepting a plea of guilty must adequately advise the defendant of the nature of the accusation against him.[3]  The record of the plea proceedings in the instant case fails to reveal that defendant was advised of anything further than the name of the offense to which she was pleading guilty.[4]

Since the defendant's plea of guilty was accepted prior to the United States Supreme Court decision in *Boykin* v *Alabama,* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969), we do not hold the plea proceedings before us today to the more stringent standards enunciated in *Boykin.*  For our holding that *Boykin* will not be applied retroactively, see *People* v *Butler,* 387 Mich 1 (1972).

Reversed, plea of guilty vacated, and remanded to the trial court to proceed as appropriate.

T. M. KAVANAGH, C. J., and ADAMS, T. G. KAVANAGH, and SWAINSON, JJ., concurred with WILLIAMS, J.

## *APPENDIX*

### TRANSCRIPT OF PLEA PROCEEDINGS

*Q.* Now, Miss Doreen Carlisle, you heard your Attorney advise this Court as to the question of your plea of guilty to the crime in the included offense of assault with intent to rob being armed.  Is that correct?

*A.* Yes, your Honor.

*Q.* And he advised the Court that you wish to plead guilty to that crime.

*A.* Yes, your Honor.

---

[3] GCR 1963, 785.3(2); MCLA 768.35; MSA 28.1058.

[4] See the transcript of the plea proceedings which is set out in the Appendix of this opinion.

*Q.* Now, did anyone threaten you if you did not plead guilty?

*A.* No.

*Q.* Did anyone offer you any reward or inducement if you do plead guilty?

*A.* No, your Honor.

*Q.* Guilty of assault with intent to rob being armed.

*A.* No, your Honor.

*Q.* This plea of guilty to the crime of assault with intent to rob being armed is of your own wish and will and free and voluntary on your part. Is that correct?

*A.* Yes, your Honor.

*Q.* You plead guilty to this offense of assault with intent to rob being armed that occurred on the 30th day of July, 1965 when you did assault with intent to rob being armed one Joseph Wasyl. Is that correct?

*A.* Yes, your Honor.

*Q.* Now, you've discussed this matter with your Attorney about your right to a trial by jury, which you have that right, until the Court accepts your plea. Until the Court accepts your plea you have that right. You can change your mind. I don't want anybody to plead guilty in this Court unless they are guilty. Do you understand that?

*A.* Yes, your Honor.

*Q.* And you understand that you have that right to a trial by jury or that you can waive that and be tried by a Judge who resolves the question of law and fact. The findings of the judge alone by himself or you can have a jury trial. It's your prerogative.

*Mr. Ward* [*attorney for defendant*]: Do you understand?

*Defendant Carlisle:* Yes, I do.

*The Court:* It's the law of the State of Michigan and all the States.

*By the Court:*

*Q.* Now, you plead guilty to this charge of assault

with intent to rob being armed because you are guilty of it?

*A.* Yes, your Honor.

*Q.* Is there any question in your mind about it? If there is, tell this Court right now. The Court wants to know. We don't want anybody to plead guilty unless they are guilty of this crime.

*A.* I did drive the car.

*Q.* I beg your pardon?

*A.* I did drive the man to the hospital.

*Q.* I didn't ask you what the facts were. You know what happened. I don't know. I haven't heard the facts in this case. You know whether you're guilty or not.

*A.* Yes, your Honor.

*Q.* If you're not guilty say so. If you are guilty of this crime of assault with intent to rob that is strictly up to you and nobody else.

*A.* I am, guilty.

*Q.* You are guilty of the crime of assault with intent to rob being armed. Is that correct?

*A.* Yes, your Honor.

*Q.* And you want the Court to accept your plea of guilty of that crime?

*A.* Yes, your Honor.

*Q.* Guilty of assault with intent to rob being armed, without any equivocation.

*A.* Yes, your Honor.

*Q.* Because you are guilty of it, as the Court has asked you. And if you wish to change your mind now you're entitled to a trial; and if you want the Court to accept your plea of guilty to this crime of assault with intent to rob being armed that is strictly up to you. Up to now you have said you wanted the Court to accept your plea of guilty to this crime.

*A.* Yes, sir.

*Q.* And you understand—I want to go over this again. You understand that you have this right. It's every citizen's right to have a trial by jury. Or you can waive that and be tried by the Court. Do

you understand that? I want you to fully understand it.

*A.* Yes, your Honor. I do.

*Q.* How old are you?

*A.* Twenty-two.

*Q.* And you want the Court to accept the plea of guilty to the crime of assault with intent to rob being armed after the questions the Court has asked?

*A.* Yes, your Honor.

*Q.* Your plea of guilty. You want the Court to accept your plea of guilty.

*A.* Yes, your Honor.

*The Court:* Very well, the Court will accept the plea of guilty of the crime of assault with intent to rob being armed. I'll refer this matter to the Probation Department and Psychiatric Clinic with a report on—any particular date?

*Mr. Ward:* No. Could your Honor make it any time after the 11th of January?

*The Court:* The 12th?

*Mr. Ward:* Yes, sir.


T. E. BRENNAN, J. (*dissenting*). I respectfully dissent from the Opinion of my learned Brother.

First, I do not agree with the conclusion that the trial judge eschewed knowledge of the factual basis for the plea. The trial judge asked the defendant if she had assaulted Joseph Wasyl on the 30th day of July, 1965, with the intent to rob him, being armed. The defendant answered in the affirmative. The later colloquy in which the defendant made reference to driving an automobile, prompting the trial judge to remark that he had not heard the facts in the case, did not, in my judgment, demonstrate any failure on the part of the trial judge to ascertain that there was a factual basis for the plea. I do not believe it is necessary for the trial judge to elicit a detailed recital of an accused's actions in order to satisfy our

rule* or to accept the plea in good conscience. It is sufficient, in my judgment, that the accused admit of his having committed the offense. This can be done in the statutory language.

Second, I must respectfully disagree with my Brother and the Court of Appeals on the question of the need for remand where it is claimed that a guilty plea stems from an inadmissible confession. For myself, I subscribe to the reasoning of the United States Supreme Court in *McCann* v *Richardson*, 397 US 759; 90 S Ct 1441; 25 L Ed 763 (1970):

"His later petition for collateral relief asserting that a *coerced* confession induced his plea is at most a claim that the admissibility of his confession was mistakenly assessed and that since he was erroneously advised, either under the then applicable law or under the law later announced, his plea was an unintelligent and voidable act. The Constitution, however, does not render pleas of guilty so vulnerable." (Emphasis supplied.)

The third issue treated by my Brother is an issue admittedly not raised in these proceedings. My views on that issue are expressed in my dissent in *People* v *Jaworski*, 387 Mich 21 (1972).

BLACK, J., concurred with T. E. BRENNAN, J.

---

* GCR 1963, 785.3(2).—REPORTER.