PEOPLE v CURRY

1. Cʀɪᴍɪɴᴀʟ Lᴀᴡ—Jᴜʀɪsᴅɪᴄᴛɪᴏɴ—Pʟᴇᴀ ᴏғ Nᴏʟᴏ Cᴏɴᴛᴇɴᴅᴇʀᴇ— Aᴍᴇɴᴅᴇᴅ Iɴᴅɪᴄᴛᴍᴇɴᴛ.

A trial court had jurisdiction to accept a defendant's plea of nolo contendere and to find him guilty and sentence him on an amended grand jury indictment which was expressly consented to by the defendant and his attorney at the arraignment, even though the indictment charged the defendant with larceny in a building at a time and place not mentioned in the five original indictments which were subsequently nol-prossed and which related to different dates, places, and completely separate criminal transactions.

2. Cʀɪᴍɪɴᴀʟ Lᴀᴡ—Aᴘᴘᴇᴀʟ ᴀɴᴅ Eʀʀᴏʀ—Pʀᴇsᴇʀᴠɪɴɢ Qᴜᴇsᴛɪᴏɴ.

An objection is required to preserve the right to complain on appeal about defects in an indictment or an information (MCLA 767.2, 767.76).

3. Cʀɪᴍɪɴᴀʟ Lᴀᴡ—Pʟᴇᴀ ᴏғ Nᴏʟᴏ Cᴏɴᴛᴇɴᴅᴇʀᴇ—Pʟᴇᴀ ᴏғ Gᴜɪʟᴛʏ.

A plea of nolo contendere and a plea of guilty are not to be treated exactly the same (GCR 1963, 785.7).

4. Cʀɪᴍɪɴᴀʟ Lᴀᴡ—Pʟᴇᴀ ᴏғ Nᴏʟᴏ Cᴏɴᴛᴇɴᴅᴇʀᴇ—Fᴀᴄᴛᴜᴀʟ Bᴀsɪs.

The trial court in considering a plea of nolo contendere is specifically barred by court rule from interrogating a defendant regarding his participation in the crime charged against him but it is required to conduct a hearing to establish substantial support for a finding that the defendant is in fact guilty of the offense charged; as a minimum the trial judge is required to conduct an investigation into the factual basis of a defendant's plea of nolo contendere (GCR 1963, 785.7).

5. Cʀɪᴍɪɴᴀʟ Lᴀᴡ—Sᴇɴᴛᴇɴᴄᴇ—Pʀᴇsᴇɴᴛᴇɴᴄᴇ Rᴇᴘᴏʀᴛ.

A defendant does not have a right to see his presentence report

Rᴇғᴇʀᴇɴᴄᴇs ғᴏʀ Pᴏɪɴᴛs ɪɴ Hᴇᴀᴅɴᴏᴛᴇs
[1, 3, 4] 21 Am Jur 2d, Criminal Law §§ 497, 501, 502.
[2] 5 Am Jur 2d, Appeal and Error § 839.
[5] 21 Am Jur 2d, Criminal Law § 303.
[6] 21 Am Jur 2d, Criminal Law §§ 442, 444.

prior to sentencing in the absence of a demand, though in the sound discretion of the trial court presentence reports when requested should ordinarily be made available to defendants.

6. CRIMINAL LAW—INDICTMENT—PRELIMINARY EXAMINATION—PRESERVING RIGHT.

The right to a preliminary examination following a grand jury indictment is limited to cases in which the right was asserted prior to trial.

Appeal from Calhoun, Creighton R. Coleman, J. Submitted Division 3 June 4, 1973, at Lansing. (Docket No. 14947.) Decided July 25, 1973.

John P. Curry was convicted, on his plea of nolo contendere, of attempted larceny in a building. Defendant appeals. Remanded for a hearing on the factual basis of defendant's plea.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Stanley Everett,* Prosecuting Attorney, for the people.

*McCroskey, Libner, Van Leuven, Kortering, Cochrane & Brock, P. C.* (by *Thomas D. Geil),* for defendant.

Before: HOLBROOK, P. J., and DANHOF and ADAMS,* JJ.

HOLBROOK, P. J. Defendant was convicted on his plea of nolo contendere of attempted larceny in a building, MCLA 750.92; MSA 28.287, MCLA 750.360; MSA 28.592. Defendant's request to have his minimum sentence reduced pursuant to *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972), has already been granted via an order of this Court, so

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

we need discuss only the four remaining issues on appeal.

The Grand Jury of Calhoun County charged defendant in five separate indictments with one count of breaking and entering with intent to commit larceny, MCLA 750.110; MSA 28.305, and four counts of safe burglary, MCLA 750.531; MSA 28.799. All five charges related to different dates, places and completely separate criminal transactions. At his arraignment defendant and his counsel expressly consented to an amendment to one of the indictments charging safe burglary to charge defendant with attempted larceny in a building. However, the "amended" indictment charged defendant with having attempted to steal beer and money from the Beer Company of Battle Creek, Inc., on December 12, 1970. None of the five original grand jury indictments mentioned above charged defendant with criminal conduct on that date or at that place. These five charges were subsequently nol-prossed. Defendant's first objection on appeal is that the circuit court for Calhoun County had no jurisdiction over the charge set forth in the amended grand jury indictment, and therefore could neither accept the plea of nolo contendere to the charge of attempted larceny in a building, nor find defendant guilty and sentence him on the basis of that plea. In *People v Sims,* 257 Mich 478, 481–482; 241 NW 247, 248 (1932), the Supreme Court in interpreting the statute permitting amendment of indictments (now MCLA 767.76; MSA 28.1016) stated:

"The statute does not authorize the court to permit the changing of the offense nor the making of a new charge by way of amendment, as feared by counsel for defendant. It permits only cure of defects in the statement of the offense which is already sufficiently charged

to fairly apprise the accused and court of its nature. Being thus procedural, it does not violate art 2, § 19, of the Constitution, which provides that the accused shall have the right to be informed of the nature of the accusation. *People v Meyer,* 204 Mich 331; 169 NW 889 (1918). There being no new or different charge introduced by amendment, there is no occasion for a new examination or a rearraignment."

While this dicta supports the substance of defendant's argument, defendant in the proceedings below made no objection to the amendment of the indictment. In *People v Norman,* 9 Mich App 647, 651–653; 158 NW2d 38, 40–41 (1968), the defendant *on appeal* objected that after the original information was quashed another count could not be added without new proceedings before a magistrate and the filing of a new information. This Court held:

"Quashing the information did not deprive the court of jurisdiction over the defendant on the original complaint.

" 'The complaint before the justice, his warrant, commitment, and return were still of the same force and virtue as the basis for an information as if that which had been quashed had never been presented. * * *

" 'The court had lost no jurisdiction of the prisoner by the void or defective information which had been quashed.' *Mentor v People,* 30 Mich 91, 93 (1874). * * *

"While an accused cannot be informed against until a judicial determination upon the preliminary examination that a crime has been committed and that there is probable cause to believe him guilty, and while he may not be tried for an offense different from the one for which he was examined or waived examination, it has been said that where he fails before pleading to object to an information charging an offense distinct from that for which he was examined upon the complaint, he will be deemed to have waived the defect. *People v Jones,* 24 Mich 215, 218 (1872).

"In *People v Handley,* 93 Mich 46; 52 NW 1032 (1892), *People v Monick,* 283 Mich 195; 277 NW 883 (1938), and *People v Donovan,* 228 Mich 149, 151–152; 199 NW 620, 620–621 (1924), the defendants timely objected to amendments charging offenses which had not been the subject of a preliminary examination; and in *People v Dochstader,* 274 Mich 238; 264 NW 356 (1936), the defendant made timely objection that the information as originally filed charged an additional offense distinct from the one charged in the complaint and warrant, a preliminary examination having been held on the complaint charge only. In those cases the defendants prevailed. *Timely objection distinguishes those cases from the one here for decision.*" (Emphasis supplied.)

*Jones, supra,* the foundation case for the rule that objection is required to preserve the right to complain on appeal about defects in the information,[1] remains good law in this jurisdiction. We hold that the trial court had jurisdiction to accept defendant's plea to the amended indictment.

Defendant next objects that the trial court erred in failing to establish a factual basis prior to his acceptance of defendant's plea of nolo contendere. Defendant contends that MCLA 767.37; MSA 28.977[2] requires that a nolo plea be treated exactly as if it were a plea of guilty, and therefore GCR 1963, 785.3(2) requiring the factual basis of a

---

[1] It should be noted that MCLA 767.76; MSA 28.1016, applies equally to both indictments and informations through MCLA 767.2; MSA 28.942.

[2] MCLA 767.37; MSA 28.977 reads:

"When any person shall be arraigned upon an indictment, it shall not be necessary in any case to ask him how he will be tried but if, on being so arraigned, he shall refuse to plead or answer or shall not confess the indictment to be true, the court shall order a plea of not guilty to be entered and thereupon the proceedings shall be the same as if he had pleaded not guilty to the indictment. At the arraignment of any person upon an indictment or upon the charge in a warrant, complaint or information the court may accept a plea of nolo contendere and if such a plea is accepted, the court shall proceed as if he had pleaded guilty."

guilty plea to be established prior to acceptance must also apply to a plea of nolo contendere. See *People v Carlisle,* 387 Mich 269; 195 NW2d 851 (1972), for the foundation of the rule that the trial judge must interrogate the defendant to establish the factual basis for a guilty plea. While *Carlisle* coupled with MCLA 767.37; MSA 28.977, would seem to require that the trial judge interrogate the defendant to establish the factual basis of the defendant's plea of nolo contendere, recently enacted GCR 1963, 785.7(3), effective June 1, 1973, reflects the Supreme Court's position that a plea of nolo contendere and plea of guilty are not to be treated exactly the same. Indeed, the new court rule specifically bars the trial court from interrogating the defendant regarding his or her participation in the crime. GCR 1963, 785.7(3)(d). However, the new court rule does require the court to conduct a hearing to establish substantial support for a finding that the defendant is in fact guilty of the charged offense. We conceive *Carlisle* to have required, therefore, that as a minimum the trial judge conduct an investigation into the factual basis of defendant's plea of nolo contendere, as is now mandated by GCR 1963, 785.7(3)(d).

Defendant next objects that he was denied his alleged right to see his presentence report prior to sentencing. No demand was made to see the report, however, and contrary to defendant's suggestion, *People v Malkowski,* 385 Mich 244; 188 NW2d 559 (1971), does not stand for the proposition that a defendant has a right to see his presentence report, although in the sound discretion of the trial court presentence reports when requested should ordinarily be made available to defendants. *People v Shively,* 45 Mich App 658; 206 NW2d 808 (1973).

Defendant finally asserts that the right to a preliminary examination is a fundamental right, and that because the court failed to instruct the defendant on his right to a preliminary examination, his plea must be vacated. However, defendant's alleged authority for this argument, *People v Duncan,* 388 Mich 489, 502; 201 NW2d 629, 634–635 (1972), specifically limits the application of the right to a preliminary examination to "all pending (and future) cases *in which the right to a preliminary examination was asserted prior to trial".* (Emphasis supplied.) Since defendant did not assert his right to a preliminary examination, under *Duncan* he cannot now complain.

Remanded for a hearing to be held on defendant's plea consistent with this opinion. We do not reserve jurisdiction.

All concurred.