PEOPLE v GRAHAM

1. CRIMINAL LAW—PLEA OF NOLO CONTENDERE—FACTUAL BASIS—
   COURT RULES.

   A trial judge was not required to ascertain whether a factual
   basis existed for a plea of nolo contendere offered before June
   1, 1973, the effective date of the general court rule which
   governs such pleas (GCR 1963, 785.7[3][d]).

2. CRIMINAL LAW—PLEA OF NOLO CONTENDERE—VOLUNTARINESS.

   An inquiry by the trial judge as to whether a defendant's plea of
   nolo contendere was freely, intelligently and voluntarily made
   was sufficient to assure that the defendant's rights were safe-
   guarded and was all that was required with respect to pleas of
   nolo contendere offered before June 1, 1973 (GCR 1963,
   785.7[3][d]).

3. HOMICIDE—PLEA OF NOLO CONTENDERE—COERCION—FIRST-DEGREE
   MURDER—SECOND-DEGREE MURDER—PRELIMINARY EXAMINA-
   TION—EVIDENCE.

   A defendant's contention that his plea of nolo contendere to a
   charge of second-degree murder was coerced by the effect of
   being bound over for trial on a charge of first-degree murder
   was without merit where the preliminary examination reveals
   sufficient evidence upon which the district court could base its
   decision to bind defendant over for trial on the first-degree
   murder charge.

Appeal from Berrien, Julian E. Hughes, J. Sub-
mitted Division 3 March 6, 1974, at Grand Rapids.
(Docket No. 16725.) Decided September 24, 1974.

Willie Lee Graham was convicted, on his plea of
nolo contendere, of second-degree murder. Defend-
ant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 29 Am Jur 2d, Evidence § 702.
Plea of nolo contendere or non vult contendere. 89 ALR2d 540.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Ronald J. Taylor,* Prosecuting Attorney, and *Sally M. Zack,* Assistant Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Donald Ubell,* Director, and *Howard C. Marderosian,* Special Assistant Attorney General, of counsel), for the people.

*Dennis H. Benson,* Assistant State Appellate Defender, for defendant.

Before: T. M. BURNS, P. J., and V. J. BRENNAN and BASHARA, JJ.

V. J. BRENNAN, J. Defendant, Willie Lee Graham, appeals from his September 11, 1972 plea-based second-degree murder conviction. MCLA 750.317; MSA 28.549. He was originally charged with first-degree murder (MCLA 750.316; MSA 28.548), but pled nolo contendere to the added count of second-degree murder after the information had been amended. The trial judge, after examining the pre-sentence investigation report, sentenced defendant to from 20 to 40 years in prison and credited him for the time spent in jail prior to the disposition of the case.

In the course of accepting defendant's plea of nolo contendere, the trial court read the amended information to the defendant and defined the elements of second-degree murder. The defendant was told that the people would have to prove guilt beyond a reasonable doubt if the defendant chose to go to trial. Defendant was advised of the nature of a jury trial and a bench trial and he stated he did not want to go to trial. The defendant was advised of his right to confrontation, his right to call witnesses in his own behalf, and his privilege against self-incrimination. Defendant stated he

understood the charge and that he had no questions to the court regarding the plea. Defendant further stated that no promises or threats had been made to him to force him to plead guilty.

Defendant contends that the case of *People v Curry,* 48 Mich App 545; 210 NW2d 791 (1973), is directly on point and that the Court herein should grant his motion for peremptory reversal because of the mandate of that case. Defendant's contention is that the trial court here failed to ascertain whether a factual basis for a plea to second-degree murder existed before accepting his plea.

It is our belief, however, that *Curry* does not properly reflect the law applicable to the acceptance of pleas of nolo contendere made prior to the effective date of GCR 1963, 785.7(3)(d).

While it is true that *People v Carlisle,* 387 Mich 269; 195 NW2d 851 (1972), requires a trial judge, preferably by direct questioning of the defendant, to ascertain whether a factual basis exists for a guilty plea before it can validly be accepted, there is nothing in *Carlisle,* MCLA 767.37; MSA 28.977 or the court rules which required a trial judge to make a similar determination with respect to pleas of nolo contendere offered before June 1, 1973, the effective date of GCR 1963, 785.7(3)(d).

Pleas of nolo contendere are now, and were at the time of defendant's plea, authorized by MCLA 767.37; MSA 28.977 which, in addition to permitting the acceptance of such pleas, provides:

"and if such a plea is accepted, the court shall proceed as if he had pleaded guilty."

This language does not require the convoluted result reached in *Curry.* It merely states what is to occur *after* a plea of nolo contendere is accepted. It does not, in any way, mandate or affect the proce-

dure to be followed in accepting such pleas. We simply cannot understand how the semi-*Carlisle* determination required by *Curry* can be found to stem from this language and a court rule that wasn't even in effect at the time of this plea.

In the case at bar the trial judge, after extensive questioning of defendant, determined defendant's plea to have been freely, understandingly, and voluntarily made. The record amply supports such a determination and defendant's plea should not now be disturbed on the basis here urged. Despite the fact that a plea of nolo contendere subjects a defendant to all the consequences of a conviction, a defendant, by so pleading, does not admit the facts constituting the crime charged. This is the nature of the plea of nolo contendere and is why the trial judge here did not personally question defendant to determine whether there was a factual basis for his plea. Amended rule 785.7(3)(d) was not in effect at the time of this plea and the trial judge should not be held to a standard of anticipating future procedural rules promulgated by our Supreme Court. The inquiry by the trial judge as to whether defendant's plea was freely, intelligently, and voluntarily made was sufficient to assure that defendant's rights were safeguarded and was all that was required at the time of this plea.

Even if we were to accept the decisional validity of *Curry* we would not disturb this plea. The record of the plea proceeding in the instant case is more than sufficient to satisfy the requirements of *Curry*. The record shows that defendant's attorney explained the charge of second-degree murder to the defendant and that they discussed his plea thereto. The trial judge also explained second-degree murder to defendant after reading the infor-

mation to him. Defendant stated that he understood the charge and that he had no questions about what the crime of second-degree murder was. After defendant was informed of and waived his rights the following occurred:

"*The Court:* All right. This is your attorney here that's with you?

"*Defendant:* Yes.

"*The Court:* And was he appointed to represent you, or did you hire him?

"*Defendant:* Appointed.

"*The Court:* He was appointed. All right. Now, how do you plead to count two of this information, second degree murder; do you plead nolo contendere, or no contest, or do you wish to stand silent or mute, in which case I will enter a plea of not guilty for you, or do you wish to plead not guilty?

"*Defendant:* I will plead no contest.

"*The Court:* All right. Then do I understand that you are telling me that you do not wish to contest the fact that the People could present evidence that you intentionally and with malice killed, murdered Lenny Sakovski on or about July the 13th, 1972, at 379 Territorial Street in the City of Benton Harbor, but you did it without premeditation?

"*Defendant:* Yes, sir.

"*The Court:* You don't wish to contest this? Pardon?

"*Defendant:* Yes, sir.

"*The Court:* Pardon?

"*Defendant:* Yes, sir.

"*The Court:* 'Yes, sir', you do?

"*Defendant:* I do not wish to contest it.

"*The Court:* You do not wish to contest it. All right. Now, let me ask you some other questions. One, have the police, the prosecutor, your own attorney or anybody else promised you anything such as light punishment or no punishment at all for pleading nole *[sic]* contendere or no contest?

"*Defendant:* No, sir, they never promised me anything.

*"The Court:* You understand that nolo contendere and no contest means the same thing?

*"Defendant:* Yes, sir."

Given the special nature of a plea of nolo contendere, this was clearly sufficient to satisfy the "investigation" requirement of *Curry.* Defendant clearly understood what constituted second-degree murder and stated that he did not wish to contest the fact that the prosecution could present evidence which would show that he was in fact guilty of such offense.

Defendant's second and final contention is that his plea of nolo contendere to second-degree murder was coerced by the effect of being bound over for trial on the charge of first-degree murder. Defendant claims there were no facts supporting the charge of first-degree murder, and that by charging defendant with first-degree murder, the prosecutor coerced defendant to plead nolo contendere to second-degree murder.

Defendant's contention is without merit. A thorough examination of the evidence presented in the course of the preliminary examination reveals that there was in fact sufficient evidence upon which the district court could base its decision to bind defendant over for trial on the first-degree murder charge.

For the foregoing reasons, we affirm defendant's conviction.

All concurred.